THE STATE, EX REL. STOKES, APPELLANT, *v.* MT. VERNON DEVELOPMENTAL CENTER, APPELLEE.

[Cite as State, ex rel. Stokes, *v.* Mt. Vernon Dev. Center (1984), 11 Ohio St. 3d 167.]

(No. 83-1652—Decided June 20, 1984.)

*Mr. David B. Stokes, pro se.*

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Loren L. Braverman,* for appellee.

*Per Curiam.* Appellant's claim is that as a laid-off employee he had a right of first refusal as to any vacancies occurring in his classification series for a one-year period pursuant to the reinstatement rights, as prescribed by the former R.C. 124.32(H), in effect during the time relevant herein.

R.C. 124.32(H) granted reinstatement rights in the agency of layoff to an employee in the classified service for one year from his layoff date. Further, this section prohibited the appointing authority, during this period, from hiring or promoting "* * * anyone into the classification or classification series of layoff until all laid off employees are reinstated or decline the position when it is offered." However, this section provides for layoff lists to be compiled and that "* * * [t]hose employees with the highest retention points will be placed at the top of the list followed by employees ranked in descending order." While appellant asserts that he had one hundred forty-one retention points, he did not present evidence that these retention points placed him in a superior position as to any of the five persons placed in the Mental Health Administrator classification series.

Appellant's claim of harassment relative to his Administrator 2 displacement position from which he resigned in August 1981 is unsupported by any proof and his argument that such resignation should not affect his reinstatement is, for purposes of this action, irrelevant.

For reason of the foregoing, the judgment of the court of appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.